# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY ROLAND, | ) | |
| | ) | No. 22 CV 1066 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE, | ) | September 12, 2022 |
| | ) | |
| Defendant. | | |

## MEMORANDUM OPINION and ORDER

Before the court is Defendant Department of Justice's ("DOJ") motion for a protective order to stay discovery until it files a motion for summary judgment and the court rules on the motion. For the following reasons, the motion is granted:

## Background

Plaintiff Anthony Roland filed this suit against the DOJ under the Freedom of Information Act ("FOIA") and the Privacy Act of 1974 ("Privacy Act"), alleging unlawful surveillance and abuse of the Foreign Intelligence Surveillance Act by federal law enforcement agencies. In an attempt to stop the alleged privacy violations, Plaintiff filed FOIA/Privacy Act requests with the DOJ, as well as the Federal Bureau of Investigation ("FBI"), Central Intelligence Agency ("CIA"), National Security Division ("NSD"), National Security Agency ("NSA"), and National Telecommunication and Information Administration, but only the DOJ was named as a defendant in this case. The FBI, CIA, and NSA responded but did

not disclose—or confirm or deny the existence of—the records Plaintiff sought.[1]  (R. 1, Compl. ¶¶ 10, 12, 24.)   The DOJ indicated that it disclosed "material . . . appropriate for release with excisions made pursuant to [FOIA] Exemptions 6 and 7(C)," but this limited disclosure consisted only of Plaintiff's request itself.  (Id. at 12 (DOJ's response to FOIA request).)

## Analysis

The DOJ moves for a protective order prohibiting general discovery until it files a motion for summary judgment and the court rules on the same.  (R. 34, Govt.'s Mot.)   Plaintiff filed a response objecting to the motion on July 22, 2022, arguing that discovery should proceed.[2]   (R. 35, Pl.'s Resp.)   In FOIA cases, summary judgment motions may be entertained before discovery begins.   *See Henson v. Dep't of Health & Hum. Servs.*, 892 F.3d 868, 873-74 (7th Cir. 2018).  This is especially true where discovery requests would "provide respondents all the disclosure to which they would be entitled in the event they prevail on the merits." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 388 (2004).  The court has "discretion to forgo discovery" and decide the merits of a summary judgment motion based on the reasonableness of the agency's response.  *Goland v. Cent. Intel. Agency*, 607 F.2d 339, 351 (D.C. Cir. 1978).  Indeed, the agency may show it conducted a reasonable

---

[1]  Plaintiff has made similar allegations in the past, but no evidence of unlawful surveillance has been found. *See Roland v. Pai*, No. 19 CV 3128, Dkt. No. 10 (N.D. Ill. June 11, 2019); *Roland v. Fed. Gov't*, No. 18 CV 5363, Dkt. No. 11 (N.D. Ill. Aug. 28, 2018).

[2]  Plaintiff filed additional responses in opposition to the DOJ's motion on September 6, 2022.  (R. 36, 37, 38).  The substance of these responses is identical to the opposition to the motion he filed in July 2022.

search—supported by affidavits that are nonconclusory, detailed, and submitted in good faith—or it may demonstrate that the records requested need not be disclosed pursuant to a FOIA exemption or because such records cannot be identified. *Id.*; *Hart v. FBI*, 91 F.3d 146, 1996 WL 403016, *1 (7th Cir. 1996) ("Certain records . . . need not be produced by an agency if the record falls within an exemption listed in the Act, [5 U.S.C.] § 552(6)(C)(b), or if the agency demonstrates that the requested document is unidentifiable or not within its possession or control.").

Conversely, to establish that discovery should proceed before dispositive motions in a FOIA case, the requester may show that the agency exercised bad faith in responding to a request for documents or was not reasonable in its efforts to identify and produce requested documents. *Carney v. U.S. Dep't of Just.*, 19 F.3d 807, 812 (2d Cir. 1994); *see also In re Wade,* 969 F.2d 241, 249 n.11 (7th Cir. 1992) (noting that key inquiry for the court is "whether the search for undisclosed documents was adequate"). But "[m]ere speculation that yet uncovered document[s] may exist does not undermine the finding that the agency conducted a reasonable search for them." *Steinberg v. U.S. Dep't of Just.,* 23 F.3d 548, 552 (D.C. Cir. 1994). It is ultimately up to the court to grant or deny a stay of discovery. *Henson*, 892 F.3d at 874.

Here, the DOJ's response to Plaintiff's FOIA/Privacy Act request is adequate to stay discovery pending a summary judgment ruling. *Goland*, 607 F.2d at 351. In response to Plaintiff's request, the DOJ released only the responsive material that was "appropriate for release"—Plaintiff's FOIA request itself—and explained that

"excisions [were] made pursuant to [FOIA] Exemptions 6 and 7(C)." (R. 1, Compl. at 12 (DOJ's response to FOIA request)). Based on the information presented by the parties, the court is satisfied with the DOJ's response for purposes of staying discovery. *See Wade,* 969 F.2d at 249 n. 11. Plaintiff has not demonstrated any bad faith or unreasonableness by the DOJ, nor has he demonstrated a need for discovery before briefing the issue of whether the DOJ is entitled to summary judgment. (See R. 35, Pl.'s Resp.); *see also Carney*, 19 F.3d at 812; *Steinberg,* 23 F.3d at 552. Permitting discovery at this time would essentially allow Plaintiff to circumvent the merits of the DOJ's FOIA response because he could request the same documents in discovery that he seeks pursuant to his FOIA and Privacy Act claims. (See R. 1, Compl. ¶¶ 23-31.) In other words, if the court allowed general discovery to proceed at this time, "there would be no occasion to reach" the merits of the substantive issue underlying Plaintiff's complaint—namely, Plaintiff's ability to access information the DOJ allegedly obtained through surveillance. *Cheney*, 542 U.S. at 388.

The court therefore stays general discovery until the court rules on the DOJ's anticipated motion for summary judgment. *See Henson*, 892 F.3d at 873-74 (finding that "magistrate judge's decision to grant the stay and set a briefing schedule was within his considerable discretion to manage the court's docket to ensure the 'just, speedy, and inexpensive' resolution of this case"). This case should proceed to discovery only if Plaintiff's claims survive summary judgment. That said, this

ruling does prohibit Plaintiff from filing a motion for limited discovery pursuant to Rule 56(d)(2).

## Conclusion

For the foregoing reasons, the DOJ's motion to stay discovery is granted.

**ENTER:**

_____

**Young B. Kim**
**United States Magistrate Judge**

5